# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

RAY ANTONIO AZCARATE,

    Petitioner,

v.

BRIAN WILLIAMS, et al.,

    Respondents.

Case No. 2:17-cv-02190-RFB-EJY

**ORDER**

## I. Introduction

Before the Court are the first amended petition for writ of habeas corpus (ECF No. 14), Respondents' motion to dismiss (ECF No. 27), Petitioner's opposition (ECF No. 38), and Respondents' reply (ECF No. 40). The Court finds that the action is timely. However, the Court also finds that ground 3 of the first amended petition does not relate back to the initial proper-person petition (ECF No. 7), and the Court dismisses ground 3. The Court does not address the contention that Petitioner has not exhausted his state-court remedies for ground 3 because the Court is dismissing ground 3 for other reasons. The Court thus grants the motion in part.

## II. Background

After a jury trial, Petitioner was convicted in state district court of first-degree murder with the use of a deadly weapon. Ex. 106 (ECF No. 30-6). Petitioner appealed. On May 5, 2009, the Nevada Supreme Court affirmed. Ex. 149 (ECF No. 30-49).

Petitioner filed a post-conviction habeas corpus petition in the state district court on September 8, 2011. Ex. 157 (ECF No. 30-57). He acknowledged that he was filing the state post-conviction habeas corpus petition more than a year after the Nevada Supreme Court issued its

remittitur at the conclusion of the direct appeal. Id. (ECF No. 30-57 at 7). He explained that his direct-appeal counsel, David Amesbury, did not inform him of the Nevada Supreme Court's decision, and that he learned of the decision only on May 27, 2011. Id. (ECF No. 30-57 at 8-12). The state district court denied the petition as untimely under Nev. Rev. Stat. § 34.726(1). Ex. 170 (ECF No. 31-5).[1] Petitioner appealed. On December 12, 2012, the Nevada Supreme Court reversed and remanded for an evidentiary hearing on Petitioner's argument for cause to excuse the time bar. Ex. 176 (ECF No. 31-11).

The state district court held a hearing on February 19, 2013. No witnesses were called. Counsel for the respondents stated that they could not determine when or if Amesbury had notified petitioner about the direct-appeal decision. Ex. 184 at 2 (ECF No. 31-19 at 3). Counsel then said, "So it's the State's position that his petition that was filed on the 8th can be heard on the merits, because he has shown good cause for the delay." Id. The state district court agreed that the petition was considered to be timely filed, and it set a hearing on the merits. Id. at 4 (ECF No. 31-19 at 5). On May 14, 2013, in a hearing with Petitioner not present, the state district court determined that both of Petitioner's claims lacked merit. Ground 1, which was an explanation of why his petition was late, was moot because the court was deciding the petition on the merits. Ground 2, which was a claim that appellate counsel failed to raise the arguments on direct appeal as issues of federal law, was without merit because Petitioner had not demonstrated a reasonable likelihood of a more favorable result had counsel made the arguments as issues of federal law. Ex. 197 at 2-3 (ECF No. 31-32 at 3-4). On July 2, 2013, the state district court issued its findings of fact, conclusions of law, and order. That decision stated that the petition was time-barred because Petitioner could not demonstrate prejudice under Nev. Rev. Stat. § 34.726(1). Ex. 201 (ECF No. 31-36). In turn, Petitioner could not demonstrate prejudice because his claims lacked merit. Id. Petitioner appealed. On January 16, 2014, the Nevada Supreme Court reversed and remanded for

---

[1] On April 19, 2012, the state district court ruled that the petition was time-barred under Nev. Rev. Stat. § 34.726(1), in a hearing outside Petitioner's presence. Ex. 166 (ECF No. 31-1). The state district court directed the clerk to send Petitioner a copy of the minutes. Id. at 3 (ECF No. 31-1, at 4). Petitioner must have received the minutes not long after the hearing, because he filed a notice of appeal on May 11, 2012, Ex. 167 (ECF No. 31-2), six days before the state district court entered its written order, Ex. 170 (ECF No. 31-5), and fourteen days before the state district court issued its notice of the entry of the order, Ex. 171 (ECF No. 31-6).

appointment of counsel, who could supplement the petition to demonstrate cause and prejudice for the delay. Ex. 207 (ECF No. 31-42).

Petitioner, now represented by counsel, filed a supplement to the state petition on April 29, 2015. Ex. 218 (ECF No. 31-53). On September 17, 2015, the state district court held a hearing. Ex. 225 (ECF No. 32-10). The argument largely was on the merits of the grounds in the supplemental petition. Toward the end of the hearing, the judge noted that the prior judge had found good cause, and so the issue was whether Petitioner had demonstrated actual prejudice. Id. at 22-23 (ECF No. 32-10 at 23-24). The judge took the matter under submission. On September 22, 2015, the state district court issued a minute order. The state district court found that the five grounds of the supplemental petition lacked merit, that Petitioner thus had not demonstrated prejudice under Nev. Rev. Stat. § 34.726(1), and that the petition thus was time-barred. Ex. 226 (ECF No. 32-11). On October 21, 2015, the state district court issued an order, prepared by the respondents, that reflected the previous minute order. Ex. 227 (ECF No. 32-12). Petitioner appealed. On April 14, 2017, the Nevada Supreme Court affirmed for the same reasons. Ex. 253 (ECF No. 32-38).

Petitioner mailed or handed to a correctional officer his initial federal petition (ECF No. 7) on August 4, 2017. The Court appointed counsel, who filed the first amended petition (ECF No. 14) on May 9, 2018.

**III.    Legal Standard**

Congress has limited the time in which a person can petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

>(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). If the judgment is appealed, then it becomes final when the Supreme Court of the United States denies a petition for a writ of certiorari or when the time to petition for a writ of certiorari expires. Jimenez v. Quarterman, 555 U.S. 113, 119-20 (2009). See also Sup. Ct. R. 13(1). Any time spent pursuing a properly filed application for state post-conviction review or other collateral review does not count toward this one-year limitation period. 28 U.S.C. § 2244(d)(2). An untimely state post-conviction petition is not "properly filed" and does not toll the period of limitation. Pace v. DiGuglielmo, 544 U.S. 408, 417 (2005).

Section 2244(d) is subject to equitable tolling. Holland v. Florida, 560 U.S. 631, 645 (2010). "[A] 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Id. at 649 (quoting Pace, 544 U.S. at 418).

The petitioner effectively files a federal petition when he delivers it to prison officials to be forwarded to the clerk of the court. Rule 3(d), Rules Governing Section 2254 Cases in the United States District Courts.

**IV. Discussion**

**A.     The Action is Untimely But Equitable Tolling is Warranted.**

For the following reasons, the Court finds that even though the action is untimely filed, equitable tolling applies and the Court shall deem the petition timely filed.

As a statutory matter, the action is untimely. The Nevada Supreme Court decided the direct appeal on May 5, 2009. Ex. 149 (ECF No. 30-49). The judgment of conviction became final for the purposes of 28 U.S.C. § 2244(d)(1) on August 3, 2009. Petitioner filed nothing in the next year, and the one-year period of limitation would have expired on August 3, 2010. Even if his post-conviction petition could have qualified for tolling under § 2244(d)(2), the one-year period already

1    had expired, and no time remained for tolling. Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir.
2    2003). Equitable tolling thus is necessary for the Court to consider this action timely.

3    After conclusion of the direct appeal, Petitioner's counsel, David Amesbury did not inform
4    Petitioner about the decision. In state court, the respondents admitted that they could not rebut
5    Petitioner's claim. Ex. 184 at 2 (ECF No. 31-19 at 3). Respondents appear to concede this same
6    point in this federal case. ECF No. 40, at 2-3. Consequently, the one-year period of § 2244(d)(1)
7    was equitably tolled from August 3, 2009, until May 27, 2011, when Petitioner learned about the
8    direct appeal decision.

9    Petitioner filed his state post-conviction habeas corpus petition on September 8, 2011, a
10   little more than three months later. However, that petition was dismissed as untimely. It does not
11   qualify for statutory tolling. Pace, 544 U.S. at 417.

12   Petitioner argues that under Rudin v. Myles, 781 F.3d 1043, 1058 (9th Cir. 2014), and Sossa
13   v. Diaz, 729 F.3d 1225, 1232 (9th Cir. 2013), he was affirmatively misled into thinking that his
14   state petition was timely filed, thus tolling the federal period of limitation under 28 U.S.C.
15   § 2244(d)(2). The Court agrees. As the Court has described above in the background of this case,
16   after the initial dismissal as untimely and remand for a determination of cause, the respondents and
17   the state district court agreed that Petitioner had shown cause for the untimely petition and that the
18   state district court should decide the petition on the merits. The state district court then denied the
19   petition on the merits in a hearing outside of Petitioner's presence. Then, in the written order, the
20   state district court held that the petition was untimely because Petitioner did not demonstrate
21   prejudice, and Petitioner did not demonstrate prejudice because his claims were without merit.

22   At this point, the Court needs to explain what seems to be a confusion in terminology used
23   in the hearings. Counsel for the respondents stated repeatedly that Petitioner had shown cause for
24   the untimely petition because Amesbury had not notified Petitioner of the direct-appeal decision.
25   At the time, the law provided:

26   > 1. Unless there is good cause shown for delay, a petition that challenges the
27   > validity of a judgment or sentence must be filed within 1 year after entry of the
28   > judgment of conviction or, if an appeal has been taken from the judgment, within 1
     > year after the Supreme Court issues its remittitur. For the purposes of this
     > subsection, good cause for delay exists if the petitioner demonstrates to the

5

satisfaction of the court:

(a) That the delay is not the fault of the petitioner; and

(b) That dismissal of the petition as untimely will unduly prejudice the petitioner.

Nev. Rev. Stat. § 34.726 (1991).[2] In other words, for the purposes of § 34.726(1), "prejudice" is a component of "good cause." Consequently, a concession that a petitioner had shown good cause would mean that the respondents had conceded that the petition should be considered timely filed.[3] In the first hearing after the first remand, counsel for the respondents did just that. In subsequent hearings, counsel for the respondents stated that Petitioner had shown good cause but that he had not demonstrated prejudice. It appears that counsel for the respondents actually meant that Petitioner had established that the delay was not his fault.[4] However, counsel for the respondents were still contending that Petitioner had not demonstrated prejudice.

Ultimately, the Court finds that equitable tolling is warranted not because counsel for respondents said at one point that the state district court should decide the case on the merits, or that the state district court once said that it would decide the case on the merits. Instead, the Court finds that equitable tolling is warranted because all the state-court decisions would have led Petitioner to believe that his petition was being decided on the merits, and thus eligible for tolling under 28 U.S.C. § 2244(d)(2).

The original state post-conviction habeas corpus petition contained two claims of ineffective assistance of counsel. Ex. 157 (ECF No. 30-57). The supplement to the petition contained five claims of ineffective assistance of counsel. Ex. 218 (ECF No. 31-53). The state petition was untimely. Petitioner needed to demonstrate that the delay was not his fault, which he

---

[2] The law was amended in 2013, effective on January 1, 2015. It now accounts for the possibility of an appellate court other than the Nevada Supreme Court issuing its remittitur after direct appeal. The amendment is not material to the issues currently before the court.

[3] Such a concession would not be conclusive. Section 34.726(1) is a pleading requirement, not an affirmative defense, and Nevada courts always are obligated to consider whether a petitioner had shown good cause. State v. Eighth Judicial District Court (Riker), 112 P.3d 1070 (Nev. 2005).

[4] In contrast, another procedural bar requires a petitioner to show both "cause" and "prejudice," as separate elements, to overcome the bar. Nev. Rev. Stat. § 34.810(3). This difference between two procedural bars, which in this Court's experience often are applied together, might be the source of the confusion in terminology in petitioner's case.

6

did. Petitioner also needed to demonstrate that he suffered prejudice. The Nevada Supreme Court stated in its final decision on post-conviction appeal how to demonstrate prejudice:

> Where, as here, the untimely petition raises ineffective-assistance-of-counsel claims, the petitioner may demonstrate undue prejudice to overcome the procedural bar in NRS 34.726 by satisfying the prejudice prong of the ineffective-assistance-of-counsel test. See Rippo v. State, 132 Nev., Adv. Op. 11, 368 P.3d 729, 742 & n.14 (2016), vacated on other grounds sub nom. Rippo v. Baker, No. 16-6316, 2017 WL 855913 (U.S. Mar. 6, 2017). The prejudice prong of the ineffective-assistance-of-counsel test requires a showing that there was a reasonable probability of a different outcome absent counsel's errors. Strickland v. Washington, 466 U.S. 668, 687-88 (1984); Warden v. Lyons, 100 Nev. 430, 432-33, 683 P.2d 504, 505 (1984) (adopting the test in Strickland); see also Kirksey v. State, 112 Nev. 980, 998, 923 P.2d 1102, 1114 (1996) (applying Strickland to claims of ineffective assistance of appellate counsel).

Ex. 253 at 2 (ECF No. 32-38 at 3). After the first remand, in a hearing outside of Petitioner's presence but for which he received the minutes, the state district court orally denied the original petition on the merits. Ex. 197 at 2-3 (ECF No. 31-32 at 3-4). In the written order, the state district court followed the rule described in the quotation above. The state district court ruled that the petition was untimely because Petitioner had not demonstrated prejudice; Petitioner had not demonstrated prejudice because his claims were without merit. Ex. 201 (ECF No. 31-36). After the second remand, in a hearing, Petitioner's counsel argued the merits of the claims in the supplement to the petition. Ex. 225 (ECF No. 32-10). In the written order following the hearing, the state district court again followed the Nevada Supreme Court's rule. Ex. 227 (ECF No. 32-12) (decision on counseled supplement to petition). On appeal from that order, the Nevada Supreme Court did the same in its final decision. Ex. 253 at 3-4 (ECF No. 32-38 at 4-5). At this point, the Court is convinced that Petitioner reasonably expected the state courts to rule on the merits of his claims. Furthermore, except for the initial dismissal, the Court also is convinced that the state courts actually *did* rule on the merits of his claims.

For the purpose of federal equitable tolling, nobody disputes that Petitioner has pursued his rights diligently. Petitioner filed his state post-conviction petition a few months after learning about the direct-appeal decision. Petitioner filed his federal petition a few months after the state post-conviction proceedings concluded. The question is whether extraordinary circumstances stood in his way of timely filing a federal habeas corpus petition. The Court finds that extraordinary

circumstances did prevent Petitioner from timely filing his federal habeas petition. Petitioner had demonstrated that the delay was not his fault. Under Nevada law, because Petitioner's claims were claims of ineffective assistance of counsel, he needed to demonstrate prejudice under the standard governing ineffective assistance of counsel. If he had succeeded, then the state courts would have ruled under Nev. Rev. Stat. § 34.726(1) that his petition was timely filed, and then the time spent on that petition would have been tolled under 28 U.S.C. § 2244(d)(2). Along with the equitable tolling of time until Petitioner learned of his direct appeal decision, the current action would be timely. Petitioner did not succeed, so for the purposes of tolling under § 2244(d)(2) the state petition is not properly filed, *but he also has received a state-court ruling that his ineffective-assistance claims were without merit*. To rule that the federal petition is time-barred because the time spent on the state petition was not tolled because the state petition was ruled to be untimely, when that ruling itself is based upon a ruling on the merits, would be inequitable. The Court thus concludes that extraordinary circumstances exist for equitable tolling while Petitioner's state post-conviction habeas corpus petition was pending in the state courts.

With equitable tolling, the action is timely. The judgment of conviction became final on August 3, 2009, when the time to petition for a writ of certiorari expired. The period of limitation immediately was equitably tolled from that date until May 27, 2011, when Petitioner learned of the direct appeal decision. Petitioner filed his state post-conviction habeas corpus petition on September 8, 2011, 103 days later. The period of limitation again was equitably tolled while the state petition was pending. The state-court proceedings concluded on May 9, 2017, when the Nevada Supreme Court issued its remittitur after deciding the final post-conviction appeal. Petitioner mailed his initial federal petition to this court on August 4, 2017, 86 days later. A total of 189 non-tolled days passed, and this action is timely.

### E. Portions of Ground 3 Relate Back to the Original Petition.[5]

---

[5] Petitioner used letters to designate his grounds in the first amended petition. What respondents call ground 3 actually is ground C. ECF No. 14 at 13. However, Petitioner also uses the term ground 3. E.g., ECF No. 38 at 2.

Even though, with equitable tolling, this action is timely, Petitioner filed the amended petition (ECF No. 14) after expiration of the equitably tolled one-year period. As noted above, 103 days passed between Petitioner learning of the direct-appeal decision and the filing of his state post-conviction habeas corpus petition. Then, between the issuance of the remittitur on May 9, 2017 and the filing of the first amended federal petition on May 9, 2018, 364 days passed. A total of 467 non-tolled days passed. The grounds in the amended petition must therefore relate back to the grounds in the initial petition. Respondents argue that ground 3 of the first amended petition does not relate back.

An amended habeas corpus petition "does not relate back (and thereby escape [28 U.S.C. § 2244(d)(1)'s] one-year time limit) when it asserts a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth." Mayle v. Felix, 545 U.S. 644, 650 (2005). Relation back is allowed so long as both petitions state claims that are tied to a common core of operative facts. Ross v. Williams, 950 F.3d 1160, 1167 (9th Cir. 2020)

In ground 3 of the first amended petition (ECF No. 14), Petitioner claims that trial counsel provided ineffective assistance at the penalty hearing of the trial because trial counsel did not introduce to the jury any evidence of mitigation on Petitioner's behalf.[6] The jury sentenced Petitioner to life imprisonment without the possibility of parole, which is the longest possible penalty for non-capital first-degree murder. Nev. Rev. Stat. § 200.030(4)(b). Petitioner argues that trial counsel should have introduced the following mitigating evidence:

1. That Petitioner was sexually abused as a child and never received treatment or counseling;

2. That Petitioner suffered severe drug addiction and never received treatment;

3. That Petitioner was suffering untreated depression, anxiety, and hallucinations;

4. That Petitioner had family ties to the community; and

5. That Petitioner likely had below-average cognitive ability. Counsel did not pursue further testing and did not present the findings that were available to the jury.

---

[6] If a trial jury finds a defendant guilty of first-degree murder, then the state district court must hold a penalty hearing before the trial jury. Nev. Rev. Stat. § 175.552(1)(a).

9

ECF No. 14 at 14-16. Petitioner argues that ground 3 of the first amended petition relates back to ground 4(A) of the initial petition. Ground 4(A) of the initial petition is a claim of ineffective assistance of trial counsel during the guilt phase of the trial. The defense at trial was that because of Petitioner's voluntary intoxication he was guilty of second-degree murder, but Petitioner could not form the intent required to commit first-degree murder. Ground 4(A) is confusing. Petitioner alleges that trial counsel was ineffective for stipulating to a limitation on testimony from witnesses about Petitioner's drug use before August 18, 2004, the date of the murder. ECF No. 7 at 26. Petitioner also alleges that trial counsel failed to object to the prosecution's violation of that stipulation. Id. However, Petitioner then alleges that trial counsel did not provide enough evidence of petitioner's drug use to negate the intent required for first-degree murder. Id. If the Court needed to reconcile these allegations, it would appear that counsel failed to ensure the admission of only the just-right amount of evidence of Petitioner's drug use to negate the intent for first-degree murder.[7]

That confusion aside, of the five categories of mitigating evidence alleged now in ground 3 of the first amended petition, only drug use is alleged in ground 4(A) of the initial petition. The Court therefore finds that the portions of Ground 3 related to Petitioner's drug use do relate back to the original petition. However, because the remaining mitigation facts are substantially different in type to those raised in the original petition, the Court finds that the remainder of Ground 3 does not relate back.

**F.    Ground 3 is Technically Exhausted but Procedurally Defaulted and Falls Under Martinez.**

Petitioner admits that he did not present Ground 3 to the state courts. ECF No. 14 at 13. Respondents argue that Petitioner has not exhausted his state-court remedies for ground 3. ECF No. 27 at 7. Petitioner counters that the Court should deem the ground technically exhausted but procedurally defaulted because, if he returned to state court to exhaust the ground, the state courts would dismiss the ground under state-law procedural bars. ECF No. 38 at 19. Petitioner then argues that he can show cause to excuse the procedural default because post-conviction counsel

---

[7] The filing of the first amended petition removed the need to reconcile these allegations.

1  provided ineffective assistance by not raising the claim in Petitioner's initial state post-conviction
2  habeas corpus petition. Id. at 20. The Court agrees with Petitioner that his procedurally default
3  claim falls under the Martinez exception further clarified by Davila v. Davis. Martinez v. Ryan,
4  566 U.S. 1 ( 2012) (holding that inadequate assistance of trial at initial review collateral proceedings
5  may establish cause for procedural default of a claim of ineffective assistance of trial counsel when
6  petitioner's underlying ineffective assistance of trial counsel claim was substantial and petitioner
7  was prejudiced); Davila v. Davis, 137 S. Ct. 2058, 2065– 066 (2017) (further clarifying scope of
8  Martinez exception). Here, the ineffective assistance of trial counsel claim is substantial and
9  Petitioner was prejudiced. The trial counsel's failure to prevent *any* mitigating evidence during the
10 penalty phase of Petitioner's trial could have made a material difference to the sentence that
11 Petitioner received, which constitutes a "substantial and injurious effect or influence" on the
12 outcome. Martinez v. Ryan, 926 F.3d 1215, 1235 (9th Cir. 2019). Accordingly, the Court will allow
13 the portions of Ground 3 related to Petitioner's drug use to proceed.

## V.  CONCLUSION

**IT IS THEREFORE ORDERED** that Respondents' motion to dismiss (ECF No. 27) is **GRANTED** in part. The portions of Ground 3 unrelated to Petitioner's drug use in the first amended petition are **DISMISSED** as untimely.

**IT IS FURTHER ORDERED** that respondents' motion to dismiss (ECF No. 27) is **DENIED** in part with respect to the timeliness of the action as a whole.

**IT FURTHER IS ORDERED** that Respondents will have forty-five (45) days from the date of entry of this order to file and serve an answer, which must comply with Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts. Petitioner will have forty-five (45) days from the date on which the answer is served to file a reply.

**DATED**: May 31, 2020.

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**